IN THE SUPREME COURT OF THE STATE OF DELAWARE

KENNETH COBLE, §
§
    Defendant Below, § No. 357, 2018
    Appellant, §
§ Court Below—Superior Court
    v. § of the State of Delaware
§
STATE OF DELAWARE, § Cr. ID No. 1004005380
§
    Plaintiff Below, §
    Appellee. §

Submitted: December 7, 2018
Decided: December 13, 2018

Before **STRINE**, Chief Justice; **VALIHURA** and **TRAYNOR**, Justices

## O R D E R

After consideration of the appellant's opening brief, the State's motion to affirm, and the record on appeal, the Court concludes that:

(1) The appellant, Kenneth Coble, filed this appeal from a Superior Court order denying his motion to proceed *pro se* for a certificate of eligibility to file an application for sentence modification under 11 *Del. C.* § 4214(f). The Superior Court held that Coble was ineligible for relief under § 4214(f) and denied his motion to proceed *pro se*. We affirm the Superior Court's judgment.

(2) In January 2011, Coble pleaded guilty to Assault in the Second Degree. The State moved to declare Coble a habitual offender under 11 *Del. C.* § 4214(a). The Superior Court granted that motion and, on July 6, 2011, exercised its discretion

to sentence Coble to life imprisonment. This Court affirmed the Superior Court's judgment on direct appeal.[1] In 2015 and 2016, this Court affirmed the Superior Court's denials of Coble's petitions for post-conviction relief.[2]

(3)    In October 2017, Coble asked the Superior Court for permission to proceed *pro se* to pursue a certificate of eligibility and to modify his habitual offender sentence under 11 *Del. C.* § 4214(f). Under Superior Court Special Rule of Procedure 2017-1, which the Superior Court enacted as directed by the General Assembly in § 4214(f), a request for a certificate of eligibility under § 4214(f) may be filed only by the petitioner's attorney of record or the Office of Defense Services.[3] The Superior Court will not consider a *pro se* request under § 4214(f) unless the petitioner is granted permission to proceed *pro se*.[4]

(4)    On June 13, 2018, the Superior Court denied Coble's request, holding that Coble was not eligible for relief under § 4214(f) because he had been sentenced to life imprisonment, which had been imposed solely within the sentencing judge's discretion. This ruling is correct, as we recently explained in *Durham v. State*.[5]

---

[1] *Coble v. State*, 2012 WL 1952293 (Del. May 30, 2012).

[2] *Coble v. State*, 2015 WL 2247639 (Del. May 13, 2015); *Coble v. State*, 2016 WL 2585796 (Del. Apr. 28, 2016).

[3] DEL. SUPER. CT. SPEC. R. 2017-1(c)(2).

[4] *Id.*

[5] 2018 WL 2069057 (Del. May 2, 2018). *See also Clark v. State*, 2018 WL 1956298 (Del. Apr. 24, 2018).

(5)     When Coble was sentenced for second degree assault as a habitual offender, § 4214(f) provided that a habitual offender could receive a sentence of up to life imprisonment and would "receive a minimum sentence which shall not be less than the statutory maximum penalty provided elsewhere in this Title for the 4th or subsequent felony which forms the basis of the State's petition to have the person declared to be an habitual criminal except that this minimum provision shall apply only when the fourth or subsequent felony is a Title 11 violent felony, as defined in § 4201(c) of this title."[6] The statutory maximum penalty for second degree assault was eight years at Level 5 incarceration.[7] Coble therefore faced a sentence between eight years at Level V and life imprisonment. Because the sentencing judge exercised discretion under § 4214(f) to sentence Coble to life imprisonment instead of eight years at Level V incarceration, Coble did not receive a "minimum sentence of not less than the statutory maximum penalty for a violent felony."[8]

(6)     As we stated in *Clark v. State*, Coble's argument that the Superior Court's discretionary imposition of a life sentence constitutes a "minimum sentence of not less than the statutory maximum penalty for a violent felony" within the

---

[6] 11 *Del. C.* § 4214(a) (2011).

[7] 11 *Del. C.* § 612 (2010) (defining assault in the second degree as a Class D felony); 11 *Del. C.* § 4205(b)(4) (establishing eight years of Level V incarceration as the maximum punishment for a Class D felony).

[8] 11 *Del. C.* § 4214(f).

meaning of § 4214(f) and Superior Court Special Rule of Procedure 2017-1 is inconsistent with the legislative history of § 4214(f).[9]

NOW, THEREFORE, IT IS ORDERED that the judgment of the Superior Court is AFFIRMED.

BY THE COURT:

*/s/ Karen L. Valihura*
Justice

---

[9] 2018 WL 1956298, at *3.